AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>XU ZHANG<br><br>*Defendant(s)* | Case No. **19-MJ-4307** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 7, 2019__ in the county of __Davidson__ in the __Middle__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 371; Title 18, United States Code, Section 1519 | Conspiracy to commit obstruction of justice; Obstruction of justice (destruction, alteration or falsification of records in federal investigation) |

This criminal complaint is based on these facts:

SEE ATTACHED STATEMENT IN SUPPORT OF A CRIMINAL COMPLAINT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

BRYNA WARNOCK, HSI SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __11/08/2019__

_____
*Judge's signature*

City and state: __Nashville, Tennessee__  Alistair Newbern, U.S. Magistrate Judge
*Printed name and title*

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

1. I, Bryna Warnock, am a Special Agent with the United States Department of Homeland Security Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and I have been so employed since March of 2003. Prior to March of 2003, I served as a Special Agent with United States Customs Service beginning in October of 2001. As a Special Agent with HSI, my duties include, among other things, conducting human trafficking investigations and other various criminal law violations in Title 18 of the United States Code. This affidavit is submitted in support of a criminal complaint for the arrest of XU ZHANG for conspiracy to commit obstruction of justice and for obstruction of justice, in violation of Title18, United States Code, Sections 371 and 1519.

2. The information contained in this affidavit is based on my experience and training, my participation in the investigation, and information received from other law enforcement officers and witnesses. Because this affidavit is being submitted for a limited purpose, I have set forth only those facts necessary to establish probable cause for the offense. Except where otherwise indicated, all statements referred to herein are set forth in substance and in part, rather than verbatim and in full.

3. On August 22, 2019, Gao Xing, a subject in an international human trafficking investigation since early 2017 and who had recently pleaded guilty to a Tennessee state charge of promoting prostitution, was arrested pursuant to a federal Criminal Complaint.

4. On September 9, 2019, Gao Xing was scheduled for a preliminary hearing. I was present for that hearing and observed an Asian male in the gallery of the court room. I approached the male and requested his identification. The Asian male was further identified by New York Driver's License ID # 975011202 as Xu ZHANG. ZHANG was believed to be Gao Xing's boyfriend at the time—a fact that Xing later confirmed on jail calls.

5. On September 12, 2019, Gao Xing proffered with agents and agreed to cooperate in the ongoing human trafficking investigation. As part of this cooperation, Gao Xing provided agents with consent to forensically search the cell phone she had in her possession when she was arrested on August 22, 2019.

6. On September 18, 2019, Gao Xing was indicted in the Middle District of Tennessee with one count of misuse of a passport, in violation of Title 18, United States Code, Section 1544, two counts of making false statements to federal law enforcement, in violation of Title 18, United States Code, Section 1001, and two counts of aggravated identity theft, in violation of Title 18, United States Code, Section 1028A. Xing was also being investigated for international human trafficking related activity as part of a larger, ongoing investigation since early 201—a fact that law enforcement had made her aware of prior to and after her arrest.

7. On November 1, 2019, Gao Xing was found hanging from a light fixture in her cell at the Daviess County, Kentucky Detention Center ("DCDC") in an apparent suicide. She was officially pronounced dead at 9:35 p.m. that evening.

8. On November 4, 2019, agents conducted a cursory review of a portion of calls made by Gao Xing while she was in custody at DCDC. Agents were assisted by a court certified Mandarin interpreter. Agents were able to review two calls made by Gao Xing on September 7, 2019. Both calls were made as a three-way call, initiated through Xing's cellmate, by acquaintances of other inmates who were not incarcerated. Both calls appeared to be made through the third parties to an Asian male identified as XU ZHANG, who was using phone number 929-393-6762.

9. A brief review of these recorded jail calls by a court certified interpreter and agents revealed that, during a call with a start time of "16:57:07," Gao Xing provided ZHANG with a method to obtain her online WeChat (a China-based communication platform) account login information from Xing's mother in China, and other details pertaining to her account. Gao Xing then instructed ZHANG to delete the content of two chat histories and a photograph or photograph(s) from Gao Xing's online WeChat account. The two histories Xing referenced pertained to "Elmhurst" and "Roasted Pork." During the call, Gao Xing indicated that the items she asked ZHANG to delete would make her case or situation worse. Gao Xing also instructed ZHANG not to erase anything else because she (Gao Xing) had a proffer scheduled with federal agents.

10. During a later recorded jail call on September 7, 2019, with a start time of "22:03:23," ZHANG confirmed that he had deleted the information as Gao Xing had requested.

11. On November 4, 2019, I reviewed the contents of the forensic search that was previously conducted on Gao Xing's phone subsequent her proffer on September 12, 2019. A search for "Elmhurst" revealed three (3) separate contacts under the name "Elmhurst," all of which were associated with what appeared to be individual WeChat accounts. A search could not be done for the Chinese characters for "Roasted Pork."

12. On November 5, 2019, I reviewed the contents of the forensic search that was previously conducted on Gao Xing's phone subsequent her proffer on September 12, 2019. A search for 929-393-6762 revealed 70 entries in the call log dating back to August 1, 2019.

13. Based upon Xing's ongoing criminal investigation, of which both Xing and ZHANG were aware, Xing's statements to ZHANG on jail calls regarding her instructions to delete WeChat conversations and an image that would negatively affect her criminal investigation, and ZHANG's admission regarding their deletion, I submit that there is probable cause to believe that XU ZHANG has committed the offenses of conspiracy to commit obstruction of justice and obstruction of justice, in violation of Title 18, United States Code, Sections 371 and 1519, respectively.